358 A.2d 44.

State *vs.* Steven Sousa.

MAY 25, 1976.

Present: Bevilacqua, C. J.. Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. On June 20, 1969, the defendant pleaded nolo to an indictment charging him with the illegal sale of cannabis. Sentence was deferred, and the defendant was placed on probation. Six months later, in January 1970, the defendant returned to the Superior Court having allegedly violated his deferred sentence agreement. The trial justice imposed a 10-year sentence, execution of the sentence was suspended, and the defendant was placed on probation for 10 years.

On June 27, 1974, some 4½ years later, defendant was back in the Superior Court where he conceded that about a month earlier he had sold phencyclidine, a hallucinogenic drug, to an undercover police agent. At the conclusion of this hearing, the trial justice, after ruling that defendant had violated the terms of his probation, removed the suspension of the execution, and defendant is now serving the 10-year sentence.

In this appeal defendant claims that the removal of the suspension was a nullity because the trial justice failed to obtain a presentence report before he committed defendant to the Adult Correctional Institutions. In taking this position, defendant relies upon the following pertinent portion of Super. R. Crim. P. 32(c)(1): "In every case in which a sentence of imprisonment for more than one year may be imposed * * * the administrator of probation and parole shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation." The defendant takes the position that he is entitled to a presentence report because he is involved "in a case in which a sentence of more than one years [sic] imprisonment was actually imposed." The de-

fendant apparently believes that the 10-year sentence was imposed at the June 1974 violation hearing. If he does, he is mistaken.

A reading of the rule makes it clear that the report must be presented to the trial justice before the imposition of sentence. The defendant overlooks the fact that a suspended sentence is one that has actually been imposed, while its execution has been postponed. *Santos* v. *Howard,* 108 R. I. 666, 670, 278 A.2d 839, 841 (1971); *State* v. *Robalewski,* 96 R. I. 296, 300, 191 A.2d 148, 151 (1963). The 10-year sentence was actually imposed over 6 years ago in January 1970 when defendant appeared in the Superior Court for a determination of whether he had violated the terms of his deferred sentence agreement. His June 1974 appearance was for the sole purpose of determining if the order suspending the execution of the January 1970 sentence should be removed. Consequently, the rule had no application to the June 1974 hearing.

The defendant presents an alternative argument. He claims that the trial justice, in removing the suspension order without first obtaining the presentence report, abused his discretion. In taking this position, he points to G. L. 1956 (1969 Reenactment) §12-19-9, which provides that when a person on probation violates the terms and conditions of his probation, the court "may" request the probation department to supply it with a report relative to the defendant's conduct.

The transcript and docket sheet show that during the period between the deferring of the sentence and the imposition of the suspended sentence, the defendant had appeared before the sentencing justice four times. In removing the suspension, the trial justice referred to the fact that at some time during this period the defendant had appeared before the court because he was charged with the illegal possession and sale of LSD. It is obvious

414

from the trial justice's remarks that he and the defendant were not strangers to one another. The trial justice observed that while the defendant might have impressed some of his friends with qualities of good citizenship, the defendant's illicit involvement with drugs and narcotics was concrete evidence to the contrary. It is clear that the trial justice's revocation of the suspension was a culmination of several episodes where the defendant refused to grasp the helping hand of hope and rehabilitation that had been extended to him. When defense counsel asked the trial justice to obtain another presentence report, the trial justice replied: "I see no reason for it," and neither do we.

The defendant's appeal is denied and dismissed.

*Julius C. Michaelson*, Attorney General, *Kenneth P. Madden*, Special Asst. Attorney General, for plaintiff.

*William F. Reilly*, Public Defender, *Bruce Pollock*, Asst. Public Defender, *Peter Di Biase*, Asst. Public Defender, for defendant.