STATE

v.

**Edward FRANCO.**

No. 79–514–C.A.

Supreme Court of Rhode Island.

Dec. 10, 1981.

Dennis J. Roberts, II, Atty. Gen., Michael R. Stone, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Allegra E. Munson, Asst. Public Defender, for defendant.

## OPINION

SHEA, Justice.

The defendant, Edward Franco, (Franco) appeals from a judgment by a justice of the Superior Court that he was a violator of the conditions of his probation, and from the imposition of a sentence that had previously been suspended.

Franco raises four issues; that the notice provided by the state specifying the grounds of the violation failed to comport with Rule 32(f) of the Superior Court Rules of Criminal Procedure; that the hearing justice abused his discretion by denying Franco's request for continuances; that the state failed to comply with the notice and disclosure requirements of the wiretap statute, G.L. 1956 (1969 Reenactment) § 12–5.-1–11, as enacted by P.L. 1969, ch. 55, § 1; and that wiretap evidence should not have been introduced at the violation hearing without a prior determination by the presiding justice regarding the legality of the wiretap. We affirm the action of the Superior Court.

The relevant facts are as follows. On October 4, 1972, a jury convicted Franco of robbery, and a ten-year suspended sentence with ten years probation was imposed. On April 4, 1978 Franco was arrested for alleged involvement in a conspiracy to commit robbery and for possession of a loaded revolver. This incident occurred only six days after he had been paroled from the Adult Correctional Institutions where he was serving a sentence imposed for another offense.

The existence of the conspiracy to commit robbery was discovered by means of a wiretap of the telephone line to the Providence apartment of Anthony Manfredi and Ortensia DiBiasio. Franco also was staying at this apartment. The wiretap was authorized by the presiding justice on March 10, 1978 and it remained in effect until April 4, 1978.

The violation hearing was held on May 2, 1978. Lieutenant Edward Correia of the State Police testified that while monitoring a telephone conversation between Manfredi and another individual on the morning of April 4, 1978, he heard Manfredi say that "he had something going down today" and that he wanted to borrow a gun that he and Franco were to pick up. Shortly after this call, Manfredi and Franco left the Providence apartment and drove to the Douglas Plaza Apartments in Smithfield followed by a police surveillance team. The police were unable to determine what Manfredi and Franco did during the twenty minutes or so the two remained at the apartment building. On the basis of the telephone conversation that had been intercepted, they concluded that the gun to be borrowed was obtained there.

After leaving Smithfield, Manfredi and Franco drove to Cranston where they picked up one Dennis Carpentier. The police followed them next to the Airport Plaza in Warwick where they parked for a while before moving to the parking area near Valle's Steak House and the Sheraton Motor Inn. Franco and his companions remained there until a car driven by one Mary Taglianetti left the area. They followed the Taglianetti car until Lieutenant Correia ordered the police surveillance team to stop both cars. Numerous armed police officers arrested Franco, Manfredi and Carpentier at gun point. Lieutenant Correia testified that, as he approached the car, he observed Franco in the rear seat with a fully cocked .38 caliber revolver in his left hand, and that after Franco's right arm was grabbed by police, he dropped the gun to the floor.

Relying on the evidence adduced at the hearing, the justice stated that he was reasonably satisfied that Franco had violated the terms of his probation. Therefore he removed the suspension of the sentence and ordered Franco to begin serving the ten years.

We turn now to Franco's first assignment of error. Rule 32(f) provides that prior to a violation hearing, "the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought * * *." This rule sets out what is minimum due process consistent with directives of the United States Supreme Court governing hearings relating to a revocation of probation or parole. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State v. Lanigan*, 114 R.I. 514, 335 A.2d 917 (1975). Failure to comply with the rule's notice requirement is grounds for reversal of a finding of violation. *State v. Lanigan, supra.*

In the case before us, the state asserts that the notice supplied was sufficient to comply with Rule 32(f). We agree. The notice furnished to Franco recited that he had been charged with conspiracy to commit robbery and it recited the facts and circumstances surrounding the conspiracy. The notice also indicated that a loaded revolver had been seized from Manfredi, Carpentier, and Franco. Franco's appellate counsel argues that trial counsel was at a loss how to proceed in the violation hearing. If this was so, it does not, in our opinion result from any inadequacy in the notice. Counsel should have been prepared to defend on any facts or elements of crimes set forth in the notice.[1] The fact that the

1. The full text of the grounds for the violation hearing provided in the Rule 32(f) of Super. R. Crim. P. notice is as follows:
"State of Rhode Island
v.

Anthony Manfredi
Edward Franco
Ortensia DiBiasio
Victor Fagnant
Dennis Carpentier

notice did not indicate which of the three actually had possession of the revolver is of no consequence. It might have a bearing on the issue of possession, but not on that of the sufficiency of the notice. We find the notice furnished to defendant in this case fully adequate to inform him about the alleged violations of his probation.

■ We next consider the claim that the hearing justice abused his discretion by denying Franco's requests for continuances. There are no mechanical tests for deciding when the denial of a continuance is so arbitrary as to violate due process. The answer must be found in the facts and circumstances of each case, "particularly in the reason presented to the trial justice at the time the request is denied." *State v. Leonardo*, R.I., 375 A.2d 1388, 1390 (1977), *State v. Dias*, 118 R.I. 499, 503, 374 A.2d 1028, 1030 (1977).

■ The first request was made by counsel for the purpose of having more time to prepare a defense on the conspiracy charge. Counsel for defendant stated that he was under the impression that the state was only going to proceed on the firearm charge. The Attorney General indicated that he had advised Franco's attorney that he did not intend to introduce tapes of telephone conversations involving Franco, but in no way should that comment have been interpreted to mean that the state was not proceeding on the conspiracy charge.

On this record, we do not find that the hearing justice abused his discretion. Franco's attorney at no time informed the justice about the contents of any representations made by the Attorney General, or about which particular representations misled him into believing Franco would be charged only with a firearms violation. In

the absence of any evidence that would establish that defendant was in fact misled or misinformed, the Rule 32(f) notice was a warning to defendant to prepare to meet any evidence of criminal activity referred to in the notice.

The second request for a continuance was made after the finding of violation and was sought for the purpose of having a presentence report prepared before the imposition of sentence. The hearing justice said he saw no reason not to impose the full sentence that had been suspended. He ruled that Franco was not entitled to a presentence report. Nevertheless, he offered a one-day continuance which Franco's counsel said was unacceptable.

■ The imposition of sentence after a finding of violation is within the discretion of the court. *State v. Studman*, R.I., 402 A.2d 1185, 1186 (1979); *Tillinghast v. Howard*, 109 R.I. 497, 501–02, 287 A.2d 749, 752 (1972). A justice may impose all, some, or none of the suspended sentence. A presentence report, provided for by Rule 32(c)(1), is not required in this kind of situation, in which the sentence has been imposed previously, and only the execution of the sentence has been suspended.

This same issue was raised and decided in *State v. Sousa*, 116 R.I. 411, 358 A.2d 44 (1976). There, this court determined that Rule 32(c)(1) which provides for presentence investigations, has no application to a violation hearing since the sentence had previously been imposed after conviction. *Id.* at 413, 358 A.2d at 45. Sousa argued however, that the hearing justice abused his discretion by not obtaining a presentence report since G.L. 1956 (1969 Reenactment) § 12–19–9, as amended by P.L. 1972, ch. 169, § 25,

The above five individuals have been charged with conspiracy to commit robbery and other crimes. The conspiracy began on or about March 30, 19[78] and ended April 4, 1978. The State alleges that Anthony Manfredi, Edward Franco and Dennis Carpentier, all of whom were arrested on Route 5 in Warwick between 2:30 and 3:00 p.m. on April 4, 1978 in possession of a loaded 38 caliber revolver, were about to rob Mrs. Mary Taglionetti whom they followed from her place of employment to her

home. The conspiracy was uncovered as a result of court authorized wiretap on the telephone of Anthony Manfredi and Ortensia DiBiasio of 118 Valley St. in Providence. Miss DiBiasio had knowledge of the robbery and played the part of a 'message taker' in furtherance of the conspiracy. The State alleges that Victor Fagnant on April 4, 1978 provided the gun seized from Manfredi, Carpentier, and Franco."

provides that the court "may" request the probation department to supply it with a report relative to the defendant's conduct when there has been a violation of probation. In finding that there was no abuse of discretion, this court pointed out that there the hearing justice was familiar with Sousa's continuing involvement with narcotics and his refusal to attempt to rehabilitate himself. *Id.* at 413–14, 358 A.2d at 46. In this case, the fact that the violation occurred six days after Franco had been released from prison on parole, and at the time of his arrest he was seen holding a gun in his hand leaves very little for the presentence personnel to address for a presentence report. Clearly there was no abuse of discretion in this case.

■ The final two issues raised involve the introduction of wiretap evidence at the violation hearing. We must decline to consider these issues because they have not been properly preserved for appellate review. Franco contends on appeal that § 12–5.1–11 was not complied with in that the state did not physically "furnish" the application, order, and inventory of the wiretap, but merely made them available at the Attorney General's office. At the violation hearing however, when asked by the hearing justice specifically if he claimed any violation of § 12–5.1–11, defendant's attorney responded that he did not.[2]

In the final issue Franco claims that wiretap evidence should not have been introduced without prior determination of the legality of the wiretap by the presiding justice. Section 12–5.1–12 provides that "[a]ny aggrieved person may move to suppress the contents of any intercepted wire or oral communication" on one or more of five stated grounds.[3] When one of these grounds is raised, subsection (c) provides for the motion to be transferred to the presiding justice for determination.

Assuming for the purpose of argument only that Franco may avail himself of the provisions of § 12–5.1–12 at a violation hearing, we note that he nevertheless failed to raise any of the specified grounds for suppression at the hearing. Therefore, this particular issue has not been preserved on appeal. *See State v. Williams*, R.I., 404 A.2d 814, 816–17 (1979); *State v. Correia*, 106 R.I. 655, 664, 262 A.2d 619, 624 (1970); *Spouting Rock Beach Association v. Garcia*, 104 R.I. 451, 464, 244 A.2d 871, 878 (1968). The objection Franco did make, that the evidence was inadmissible hearsay, is not a ground for suppression in § 12–5.1–12. Consequently, because of the waiver of the adequacy of the § 12–5.1–12 notice at the hearing, we shall withhold consideration of the issues involving the availability of §§ 12–5.1–11 and 12–5.1–12 to violation hearings until a proper case is before us.

---

2. The dialogue between the court and Franco's attorney was as follows:

"The Court: You are not claiming any violation of § 12–5.1–11 with respect to Mr. Franco?

"[Franco's Counsel]: With respect to the receiving of notice only, no.

"The Court: What notice are you talking about, the notice provided in this or the 32(f) notice?

"[Franco's Counsel]: I'm talking about the . . . I'm objecting to the introduction of this type of hearsay evidence at a violation hearing, that's all."

Franco's objection at the hearing was not concerned with the notice and disclosure requirements of G.L. 1956 (1969 Reenactment) § 12–5.1–11, as enacted by P.L. 1969, ch. 55, § 1. He was objecting to the substantive use of the wiretap evidence at the hearing, based on hearsay, a point not raised on appeal.

3. The stated grounds listed in § 12–5.1–12 are as follows:

"1. The communication was unlawfully intercepted;

"2. The order under which it was intercepted is insufficient on its face;

"3. The interception was not made in conformity with the order;

"4. Service was not made as provided in § 12–5.1–11; or

"5. The seal provided in subsection (a) of § 12–5.1–8 is not present and there is no satisfactory explanation for its absence."

In regard to this particular wiretap, the records of the Superior Court reflect that after a hearing on a motion to suppress the evidence obtained in the wiretap, the presiding justice denied the motion under § 12–5.1–12. Her order was entered as of November 9, 1979.

For the reasons stated herein, the appeal is denied and dismissed, the judgment of violation is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER and MURRAY, JJ., did not participate.