**UNITED STATES of America**

v.

**Francisco LAINEZ–LEIVA, Defendant.**

**No. 96–CR–120 (FJS).**

United States District Court,
N.D. New York.

March 13, 1997.

---

Thomas J. Maroney, United States Attorney for the Northern District of New York, Syracuse, NY (Kimberly M. Zimmer, Assistant United States Attorney, of counsel), for U.S.

Duker, Barrett, Gravante, & Markel, LLP, Albany, NY (Jeffrey S. Shelly, of counsel), for Defendant.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge:

### Introduction

This is a criminal action in which the Defendant is charged with illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326. Presently before the Court is the Defendant's motion to dismiss the indictment with prejudice pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(j) & 3162(b), Fed. R.Crim.P. 48(b), the Speedy Trial Clause of the Sixth Amendment to the United States Constitution, and the Interstate Agreement on Detainers (IAD) (Appendix 2 to Title 18 of the United States Code).[1]

### Background

On July 22, 1994, the Defendant, Francisco Lainez–Leiva, was convicted in New York State on a charge of illegal possession of a weapon. He was sentenced to 3–½ to 7 years of incarceration. On April 17, 1996, while the Defendant was serving his state sentence, Indictment No. 96–CR–120 (FJS) was filed with this Court, charging the Defendant with illegal reentry of a deported alien. Despite the Government's admitted knowledge of his incarceration, the Defendant received no notice of the indictment at that time.

On January 8, 1997, the State of New York, Division of Parole, granted the Defendant "Conditional Parole for Deportation Only" making the Defendant eligible for release to the Immigration and Naturalization Service. On January 14, 1997, the Government sought a writ to obtain custody of the Defendant in order to arraign him on the instant·federal charge. Pursuant to that application, a writ was issued and the Defendant was brought before Magistrate Judge Ralph W. Smith on January 17, 1997.[2] This

motion for dismissal was made at that time and was referred to the undersigned Judge by Judge Smith.

### Discussion

As stated, the Defendant asks this Court to dismiss the instant indictment on the grounds that the Government has allegedly violated the Speedy Trial Act, 18 U.S.C. §§ 3161(j) & 3162(b), Fed.R.Crim.P. 48(b), the Speedy Trial Clause of the Sixth Amendment, and the Interstate Agreement on Detainers. The Court will evaluate these claims *seriatim.*

### I. Speedy Trial Act

█ Defendant first argues that the instant indictment should be dismissed as a remedy for the Government's violation of 18 U.S.C. §§ 3161(j). Section 3161(j) provides:

"[i]f the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly, (A) undertake to obtain the presence of the prisoner for trial; or (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial."

In this case, the Government does not dispute that it made no effort to obtain the presence of the Defendant for trial. The Government also admits that although unintentional, no detainer was filed with the state prison officials detaining the Defendant. Therefore, based upon the undisputed facts of this case, the Court finds that the Government has indeed violated the express terms of 18 U.S.C. § 3161(j).

However, while the sanctions provision of the Speedy Trial Act, 18 U.S.C. § 3162, specifically provides for dismissal of the indictment in the event that the Government violates §§ 3161(b) or 3161(c) (which contain time limits for filing informations or indictments following an individual's arrest, and a time limit for bringing a defendant to trial, respectively), § 3162 provides no such sanc-

---

1. Defendant also asserts Fifth Amendment Due Process violations in the context of his Sixth Amendment and his IAD claims. However, he raises no independent Fifth Amendment claims. Therefore, the Court will only evaluate the underlying violations.

2. The writ was issued more than two-hundred and seventy days after the filing of the indictment.

tion for a violation of § 3161(j).[3] Moreover, the prevailing policy established by other circuits is not to dismiss an indictment for a violation of § 3161(j). *See, United States v. Valentine*, 783 F.2d 1413, 1415–16 (9th Cir. 1986); *United States v. Dawn*, 900 F.2d 1132, 1134–35 (7th Cir.), *cert. denied*, 498 U.S. 949, 111 S.Ct. 368, 112 L.Ed.2d 330 (1990); *see also United States v. Guzman*, 85 F.3d 823, 828 n. 4 (1st Cir.), *cert. denied*, — U.S. ——, 117 S.Ct. 537, 136 L.Ed.2d 422 (1996).

Therefore, based upon the explicit language of 18 U.S.C. § 3162 and the precedent outside of this circuit, this Court finds that dismissal of the indictment in this case is not an appropriate remedy for the Government's violation of the Speedy Trial Act, 18 U.S.C. § 3161(j).

## II. Sixth Amendment/Fed.R.Crim.P. 48(b)

■ Defendant's second argument calls for the dismissal of the instant indictment on the grounds that the Government's delay in prosecuting this case violates the Defendant's rights under the Sixth Amendment and Fed. R.Crim.P. 48(b).[4]

■ The Sixth Amendment provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." In evaluating a Sixth Amendment claim, courts must consider the following four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972): (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his rights; and (4) the prejudice to the defendant resulting from the delay.

In the present case, the length of delay was significant, the reason for the delay, while unintentional, was an error on the part of the Government, and the Defendant asserted his rights as soon as he became aware of them. Therefore, the pivotal factor in evaluating the Defendant's claim is the prejudice he suffered as a result of the delay.

The Court in *Barker* noted that prejudice to the defendant should be assessed in light of the interests the Speedy Trial Clause was designed to protect, including (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193.

In the instant case, the Defendant has not suffered oppressive pretrial incarceration, since he would have remained in state custody whether or not he was notified of the federal charge pending against him. In addition, the Court does not find that the Defendant has suffered from undue anxiety, since he did not know of the pending federal charge. Finally, because the evidence in this case will most likely be documentary in nature, it is unlikely that it has been impaired by the passage of time, and the Defendant does not assert that his defense on the underlying charge has been impaired in any way due to the delay.

Nevertheless, the Defendant argues that he has been prejudiced by the Court's delay insofar as he has been denied the ability to plead guilty to the federal charge and serve a sentence concurrently with the State term that he is now serving. This argument lacks merit, however, because the Defendant's criminal history, consisting of four convictions for criminal possession of a weapon, makes the likelihood of the Defendant obtaining a concurrent sentence highly speculative. Thus, the Court finds that the Defendant's

---

3. The relevant provisions of § 3162 provide:
   (a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.
   (a)(2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.

4. Fed.R.Crim.P. 48(b) provides, in relevant part, that the Court may dismiss an indictment, information or complaint "if there is unnecessary delay in bringing a defendant to trial." The Advisory Committee Notes to subdivision (b) state that this rule is a "restatement of the inherent power of the Court to dismiss a case for want of prosecution." (citing *Ex parte Altman*, 34 F.Supp. 106 (S.D.Cal.1940). In this case, the Court finds that the exercise of this inherent authority to dismiss the indictment is inappropriate in light of the Speedy Trial Act provisions and case law on point.

inability to argue for a concurrent sentence does not constitute sufficient prejudice to support a Sixth Amendment violation in this case.

### III. Interstate Agreement on Detainers

█ In his final argument, the Defendant asserts that the indictment should be dismissed because the Government's failure to file a detainer violated the Interstate Agreement on Detainers (IAD). The IAD requires, in relevant part, that an indicted prisoner be brought to *trial* within 180 days from the date that a detainer is lodged.

In the present case, the detainer was lodged on January 17, 1997. Thus, the IAD has not been violated because 180 days have not passed since the detainer was lodged.

### Conclusion

Therefore, after carefully reviewing the Defendant's motion, the Government's response, the applicable law, and the entire file in this matter, it is hereby

ORDERED that the Defendant's motion to dismiss the indictment is DENIED.

**IT IS SO ORDERED.**