**UNITED STATES of America, Appellee,**

v.

**Jerry WATERS, Defendant–Appellant.**

**No. 1900, Docket 96–1156.**

United States Court of Appeals, Second Circuit.

Argued May 7, 1996.

Decided May 15, 1996.

---

Edward S. Zas, New York City, for defendant-appellant.

Ellen M. Corcella, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York (Zachary W. Carter, United States Attorney, Emily Berger, Assistant United States Attorney for the Eastern District of New York, of counsel), for appellee.

Before: FEINBERG, CABRANES, and PARKER, Circuit Judges.

PER CURIAM:

Defendant Jerry Waters appeals from a March 5, 1996, order of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*), pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure, modifying the sentence imposed for Waters's violation of the terms of his supervised release on the ground that the court had failed to consider § 7B1.3(e) of the United States Sentencing Guidelines.

## I. FACTS

On December 7, 1994, defendant Jerry Waters began serving a three-year term of supervised release, following a conviction and a term of imprisonment for theft of government property in violation of 18 U.S.C. § 641. As a special condition of his supervised release, the court ordered that Waters discontinue his drug use. On June 7, 1995, the United States Probation Department ("Probation") filed a Violation of Supervised Release Report, indicating that (1) Waters had been arrested by the New York City Police on May 6, 1995, after they found bags of crack cocaine in his car and on his person; (2) he had been arrested again on May 9, 1995, for selling crack cocaine to an undercover officer; and (3) two urine samples provided by Waters to Probation on February 23, 1995, and April 12, 1995, had tested positive for controlled substances.

Waters was held in pretrial detention by New York State for eight months pending disposition of the drug charges. His state trial resulted in a hung jury, and he was released on his own recognizance on January 11, 1996. On that date, Waters was taken into federal custody pursuant to a detainer based upon an arrest warrant entered by the district court upon review of the Violation of Supervised Release Report. In prosecuting Waters's violation of his supervised release, the government elected to proceed against him based solely on his continued drug use— *i.e.*, the positive drug tests—rather than on the pending drug charges. At a hearing on February 27, 1996, the district court found that Waters had violated the terms of his supervised release and proceeded to sentencing.

After an extended colloquy, the district court rejected Waters's argument that it should act "equitably" in light of the eight months that he spent in New York state custody by sentencing him to the time he had already served in detention on the drug charges and imposing no additional punishment for his violation of federal supervised release. Rather, the court revoked Waters's supervised release and sentenced him to a six-month term of imprisonment.

On or about March 5, 1996, Probation informed the district court that, pursuant to 18 U.S.C. § 3585(b)(2),[1] the Bureau of Prisons intended to credit Waters for the eight months he served in state custody, and accordingly was poised to release him forthwith. Probation directed the court's attention to U.S.S.G. § 7B1.3(e),[2] a policy statement that instructs district courts to increase the term of imprisonment for a violation of supervised release "by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b)."

The parties appeared for resentencing on March 5, 1996. Reasoning that the original six-month sentence was imposed in error due to its failure to consider U.S.S.G. § 7B1.3(e) and 18 U.S.C. § 3585(b) and that it had earlier stated on the record its intention that the defendant serve a six-month sentence, the district court decided that it had authority under Rule 35(c) to resentence Waters:

> I was clearly not aware of the provision of law [under] which this time was credited to the defendant under [18 U.S.C. § ] 3585. . . .

---

1. 18 U.S.C. § 3585(b) provides:

   A defendant *shall be given* credit toward the service of a term of imprisonment for *any time he has spent in official detention* prior to the date the sentence commences—
   (1) as a result of the offense for which the sentence was imposed; or
   (2) as a result of *any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;*
   that has not been credited against another sentence.
   (Emphasis added.)

2. The full text of U.S.S.G. § 7B1.3(e) is as follows:

   Where the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment determined under subsections (b), (c), and (d) . . . by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.

I think that the sentence was in error because I think that the policy statement that we've articulated here on the record today, which is [§] 7B1.3(e), does clearly apply. Although it is a policy statement, ... not a guideline[,] I think that at the original time of sentencing, ... I was required to take that into account. I clearly did not take it into account and it was error not to. That's why I believe that the sentence comes appropriately within [Rule] 35(c).

In accordance with § 7B1.3(e), the court considered 18 U.S.C. § 3585(b) and adjusted for the eight months that Waters served in state custody on the New York drug charges—eight months that had yet to be applied to any state or federal sentence. As a result, Waters was resentenced to a term of fourteen months.

On March 6, 1996, Waters filed a notice of appeal from the resentencing order. A panel of this court granted his motion for release pending appeal on March 26, 1996, and ordered his appeal expedited. We now affirm the judgment of the district court.

## II. DISCUSSION

■ Rule 35(c) of the Federal Rules of Criminal Procedure provides for correction of a sentence by the sentencing court: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." A district court's concededly narrow authority to correct a sentence imposed as a result of "clear error" is limited to "cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *United States v. Abreu–Cabrera,* 64 F.3d 67, 72 (2d Cir.1995) (quoting Fed.R.Crim.P. 35, 1991 advisory committee's note).

On appeal, Waters argues that the court's failure to consider U.S.S.G. § 7B1.3 when imposing his sentence for violation of his supervised release does not amount to "clear error" within the meaning Rule 35(c). However, inasmuch as Rule 35(c) incorporates Rule 35(a),[3] which authorizes the correction of a sentence on remand when the original sentence results from "an incorrect application of the sentencing guidelines," we find that the district court was authorized to resentence the defendant in the instant case.

■ For our purposes, it is not significant that § 7B1.3(e) is a policy statement rather than a guideline. Chapter 7 of the Sentencing Guidelines, governing violations of probation and supervised release, is composed solely of advisory policy statements adopted by the Sentencing Commission to permit courts and the Commission to evaluate the effects of provisional policies before ultimately promulgating formal guidelines. *See generally* U.S.S.G. ch. 7, pt. A. Although these policy statements are advisory, rather than mandatory, *see United States v. Anderson,* 15 F.3d 278, 283–84 (2d Cir.1994),[4] district

**3.** Rule 35(a) provides that:
The court shall correct a sentence that is determined on appeal ... to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court—
    (1) for imposition of a sentence in accord with the findings of the court of appeals; or
    (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

**4.** Although the Supreme Court held in *Stinson v. United States,* 508 U.S. 36, 44–46, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993), and *Williams v. United States,* 503 U.S. 193, 199–203, 112 S.Ct. 1112, 1119–20, 117 L.Ed.2d 341 (1992), that policy statements and commentary interpreting the Sentencing Guidelines or pro-

hibiting a court from taking a specific action are binding on district courts, we found in *Anderson* that *Stinson* did not extend to "policy statements that stand independent of a guideline." 15 F.3d at 284 n. 6. Virtually every circuit has similarly held that the non-interpretive policy statements of Chapter 7—which do not accompany any guideline and were specifically designated as advisory by the Sentencing Commission—are not mandatory. *See United States v. Davis,* 53 F.3d 638, 640–41 (4th Cir.1995); *United States v. Hill,* 48 F.3d 228, 230–32 (7th Cir.1995); *United States v. Milano,* 32 F.3d 1499, 1502–03 (11th Cir.1994); *United States v. Mathena,* 23 F.3d 87, 90 & n. 6, 93 (5th Cir.1994); *United States v. Sparks,* 19 F.3d 1099, 1101 (6th Cir.1994); *United States v. O'Neil,* 11 F.3d 292, 301 n. 11 (1st Cir.1993); *United States v. Levi,* 2 F.3d 842, 845 (8th Cir.1993); *United States v. Hooker,* 993 F.2d 898, 900–01 (D.C.Cir.1993); *United States v. Lee,*

courts are required to consider them when sentencing a defendant for a violation of probation or supervised release, *id.* at 284 ("[T]he district court was required to consider the policy statements set forth at Chapter 7 in sentencing a defendant upon the revocation of probation."); *United States v. Bermudez,* 974 F.2d 12, 14 (2d Cir.1992) (per curiam) ("Courts should ... take [Chapter 7 of the Guidelines Manual] into account when sentencing for a violation of supervised release."); *see also United States v. Milano,* 32 F.3d 1499, 1503 (11th Cir.1994); *United States v. Mathena,* 23 F.3d 87, 93 (5th Cir. 1994); *United States v. Sparks,* 19 F.3d 1099, 1101 (6th Cir.1994); *United States v. O'Neil,* 11 F.3d 292, 301 n. 11 (1st Cir.1993); *United States v. Levi,* 2 F.3d 842, 845 (8th Cir.1993); *United States v. Lee,* 957 F.2d 770, 774 (10th Cir.1992); *United States v. Blackston,* 940 F.2d 877, 893 (3d Cir.), *cert. denied,* 502 U.S. 992, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991). Indeed, pursuant to 18 U.S.C. § 3583(e), the factors that a court must consider when revoking or modifying a term of supervised include "the applicable guidelines or policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(4)(B).

■ In the instant case, the district court erred by its acknowledged failure to consider § 7B1.3(e) when sentencing Waters for violating the terms of his supervised release. As it noted at the resentencing hearing:

> I am not required to follow policy statements in the same way I am required to follow guidelines, and [§] 7B1.3 is a policy statement.... [N]onetheless, I should take [policy statements] into account.
>
> In this case, it's clear that I did not take that policy statement into account and I think it was error not to take it into account.

Because courts are *required* to consider the policy statements in Chapter 7 of the Guidelines, we find that the district court's failure to do so here constituted an "incorrect application of the sentencing guidelines" within the meaning of Rule 35(a). Accordingly, it

properly exercised its authority to correct its error within seven days after the imposition of the original sentence, pursuant to Rule 35(c).

We note that this case bears no resemblance to *United States v. Abreu–Cabrera,* 64 F.3d at 72, where the court's resentencing "represented nothing more than a district court's change of heart as to the appropriateness of the sentence." The court's resentencing of Waters was not the result of misgivings about the severity or the leniency of the sentence imposed or a "change of heart" regarding the sentence, much less about its decision to reject or apply § 7B1.3(e). It is clear from the record that the district court neglected to consider the policy statement *at all,* in direct contravention of § 3583(e) and established circuit authority. Its efforts to rectify its error were entirely appropriate and well within its authority under Rule 35(c).

■ The defendant attempts to characterize his resentencing as an effort by the court to correct its mistaken prediction that Waters would receive no credit for time spent in state custody under 18 U.S.C. § 3585(b), thereby violating the rule of *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In *Wilson,* the Supreme Court reversed the Sixth Circuit's ruling that a district court should have credited a defendant for time served in state custody. Interpreting § 3585(b), the Court held that the authority to calculate or determine credit for time served lies exclusively with the Bureau of Prisons and that such determinations can only be made after a sentence is imposed by the district court. *Id.* at 334, 112 S.Ct. at 1354. Waters contends that the court did not fail to consider § 7B1.3(e), but rather made an "erroneous assumption" about how the Bureau of Prisons would interpret and apply § 3585(b). He argues that such a mistaken prediction is not the type of "clear error" contemplated by Rule 35(c), and that any attempt to resentence him in light of the Bureau of Prison's decision would be an im-

---

957 F.2d 770, 773–74 (10th Cir.1992) (antedating *Williams* and *Stinson* ); *United States v. Blackston,* 940 F.2d 877, 893 (3d Cir.) (same), *cert. denied,* 502 U.S. 992, 112 S.Ct. 611, 116 L.Ed.2d

634 (1991). *But see United States v. Plunkett,* 74 F.3d 938, 940 (9th Cir.1996), *amended* No. 95–30053 (9th Cir. Mar. 12, 1996).

permissible attempt to circumvent *Wilson* by adjusting his sentence in order to reduce the "credit" awarded by the Bureau of Prisons.

We are unpersuaded. First, as noted above, we find that the district court neglected to *even consider* U.S.S.G. § 7B1.3(e) (and, it follows, the credit that the defendant would receive from the Bureau of Prisons under § 3585(b)). Our review of the record gives no indication that the court was aware of the policy statement's existence. Throughout the entire original sentencing hearing, there was but one passing reference to Chapter 7, and absolutely no discussion of how the court might adjust the defendant's sentence under § 7B1.3(e) to account for anticipated credit. Although defense counsel did represent to the court that Waters would get no credit towards his sentence for the time he spent in state custody, no such determination was ever made by the district court, and it seems clear the court was not aware of the applicability or the mechanics of § 3585(b) at that time. Furthermore, we have the court's own candid admission at resentencing:

> I am concerned about what happened here and the confusion that resulted. I was clearly not aware of the provision of law [under] which this time was credited to the defendant under 3585.
>
> ... I think that at the original time of sentencing, when I sentenced before, ... I was required to take that into account[ ] ... and it was error not to.

Accordingly, we reject the defendant's suggestion that the court was merely using Rule 35(c) to correct its mistaken prediction about the amount of credit Waters would receive from the Bureau of Prisons. No prediction whatsoever was made because the court simply was not aware of the relevant statutory and guidelines provisions. In so finding, we offer no opinion on the question of whether *Wilson*—or for that matter, Rule 35(c)—prohibits a district court from resentencing a defendant to effect its original intent where it makes an erroneous prediction about the amount of credit ultimately awarded by the Bureau of Prisons under § 3585(b). This is not such a case.

To the extent that Waters's argument may be understood to suggest that U.S.S.G. § 7B1.3(e) has been overturned by *Wilson,* we find it to be without merit. Section 7B1.3(e) does not require the district court to credit a defendant for time served; nor does it suggest that a court might have such authority. District courts are merely given the option—insofar as § 7B1.3(e) is a policy statement and not a guideline—to increase a defendant's term of imprisonment to account for the time that they anticipate *"will be credited* towards service of the term of imprisonment under 18 U.S.C. § 3585(b)." (Emphasis added.) Consistent with the dictates of *Wilson,* the application notes to the policy statement acknowledge that the authority to credit a defendant for time served in custody rests with the Bureau of Prisons pursuant to 18 U.S.C. § 3585(b). U.S.S.G. § 7B1.3 application note 3.

### III.  CONCLUSION

To summarize:

We find that the district court properly exercised its authority pursuant to Rule 35(c) by modifying the original sentence imposed upon the defendant after recognizing its failure to consider U.S.S.G. § 7B1.3(e) (policy statement).

Affirmed.