104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Shawn J. McCAFFERTY, Defendant-Appellant.
 No. 96-1139.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant:Henriette D. Hoffman, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY.
 Appearing for Appellee:Martin E. Coffey, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 Present MESKILL, WINTER, ALTIMARI, Circuit Judges.
 
 
 1
 Shawn J. McCafferty ("McCafferty") appeals from a sentence of two years imprisonment imposed by Judge Spatt after McCafferty pleaded guilty to violating the terms of his supervised release.
 
 
 2
 McCafferty had originally pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344 and had been sentenced to four months imprisonment, four months of community confinement, five years of supervised release, and a $50 special assessment. The district court ordered McCafferty to submit to drug, alcohol and psychological counseling throughout his sentence. The court also ordered him to pay $25,000 restitution after completion of his prison term and community confinement. On January 22, 1993, McCafferty completed his term of imprisonment and began his term of community confinement. McCafferty was allowed to substitute home confinement for community confinement but was ordered back to community confinement after the Probation Department found several violations of the terms of the home confinement, including McCafferty's aggressive and apparently violent behavior toward his wife.
 
 
 3
 On October 25, 1995, the Probation Department filed a petition alleging seven charges of violation of his supervised release. The accompanying report noted that after improving for a time, McCafferty had become involved in a domestic dispute in June 1995 and "began to evade reporting to probation and stopped submitting urine samples as directed." The report concluded that McCafferty "once again is totally out of control rendering him impossible to supervise" and that "his most recent behavior most likely indicates that he has returned to drug usage which in light of his driving record and domestic violence, renders him a danger to the community." The report recommended revoking his supervised release and sentencing him at the "high end of the revocation range of sentencing."
 
 
 4
 The second of the seven charges, use of drugs, was documented by six positive urine tests. McCafferty pleaded guilty to this charge in satisfaction of all the charges against him. After a hearing on January 26, 1996, Judge Spatt sentenced McCafferty by an order dated January 30, 1996. This appeal followed.
 
 
 5
 On appeal, McCafferty argues that the 1994 amendments to 18 U.S.C. § 3553(a)(4) make the policy statement in U.S.S.G. § 7B1.4(a) as binding on the court as a sentencing guideline and that the district court failed to consider amendments to 18 U.S.C. § 3583(d) and a new application note 6 to U.S.S.G. § 7B1.4 (effective Nov. 1, 1995) that require the court to consider an alternative to incarceration for the type of violation--failing a drug test--to which McCafferty pleaded guilty. We reject these contentions and affirm.
 
 
 6
 McCafferty's first argument conflicts with our holding in United States v. Anderson, 15 F.3d 278, 284 (2d Cir.1994), that non-interpretive policy statements are merely advisory. McCafferty argues that our holding cannot survive the 1994 amendments to 18 U.S.C. § 3553, which, McCafferty further argues, makes the policy statement's "range" of four to ten months as binding as a guideline. We note the implausibility of this argument in light of our recent approval of Anderson. United States v. Sweeney, 90 F.3d 55, 57 (2d Cir.1996); see also United States v. Waters, 84 F.3d 86, 89-90 & n. 4 (2d Cir.1996) (per curiam), petition for cert. filed (U.S. Aug. 13, 1996) (No. 96-5612). Our approval of Anderson in Sweeney was not dictum; rather, the determination that policy statements are not binding was essential to the court's finding that the sentence in that case was subject to appellate review and that the appellate court should review under the "plainly unreasonable" standard. Sweeney, 90 F.3d at 57.
 
 
 7
 Even if we regarded Sweeney as something other than a holding, McCafferty's argument fails because the district court did not commit plain error in concluding that the policy statement in § 7B1.4 was nonbinding. Defense counsel did not raise this point below. Therefore, under the exception in Fed.R.Crim.P. 52(b) to the contemporaneous-objection requirement we look only for "plain error." See United States v. Young, 470 U.S. 1, 7, 15 & n. 12 (1985). In addition to the authority in this circuit for the nonbinding nature of policy statements, supra, all but one of the circuits that have considered the question have held to the same effect. See United States v. Hofierka, 83 F.3d 357, 361 (11th Cir.1996) (per curiam); United States v. Escamilla, 70 F.3d 835 (5th Cir.1995) (per curiam), cert. denied, 116 S.Ct. 1368 (1996); United States v. West, 59 F.3d 32, 33-35 (6th Cir.), cert. denied, 116 S.Ct. 486 (1995); see also United States v. Hill, 48 F.3d 228, 230-32 (7th Cir.1995); but see United States v. Plunkett, 74 F.3d 938, 940 (9th Cir.1996). There is no clear error here, especially since in the past we have not even "see[n] how an error can be plain error when the Supreme Court and this court have not spoken on the subject, and the authority in other circuit courts is split." United States v. Alli-Balogun, 72 F.3d 9, 12 (2d Cir.1995) (per curiam).
 
 
 8
 McCafferty counters, without citing authority, that, because the district court "raised the issue sua sponte, gave the parties an opportunity to be heard, and rendered a written decision," appellate review should not be on the plain-error standard. This is incorrect. The trial court stated during the hearing that it was once thought that the "policy recommendations" were mandatory but that "[w]e have just learned that that is not so." Nowhere in the hearing or in its opinion did the district court mention the 1994 amendments to § 3553(a)(4). We decline McCafferty's invitation to speculate on whether the district court focused on the issue of the amendments, raised for the first time on appeal. Accordingly, we see no reason to think that the policies behind the contemporaneous-objection rule do not apply here.
 
 
 9
 McCafferty does not question the applicability of the plain-error standard to his second argument, that the district court failed to consider an alternative to incarceration for his violation of supervised release, under amendments to 18 U.S.C. § 3583(d) and to U.S.S.G. § 7B1.4. We see no plain error.
 
 
 10
 Judge Spatt made it quite clear that he meant to sentence McCafferty to a long term of prison, namely two years--far above the maximum of 10 months provided for in the policy statement. He also made it clear that he was doing so because of the report, indicating McCafferty's aggression toward his wife. McCafferty argues that Judge Spatt might have felt differently about the length of the sentence if he had known that he did not have to sentence McCafferty to any prison at all. Such unfounded speculation cannot transform into plain error a sentence that falls within the statutory limit of three years, 18 U.S.C. § 3583(e)(3), and that was imposed in the face of substantial concerns about McCafferty's behavior. Furthermore, the plain-error exception is to be " 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.' " Young, 470 U.S. at 15 (quoting United States v. Frady, 456 U.S. 152, 163 n. 14 (1982)), but we see no miscarriage of justice here.
 
 
 11
 We therefore affirm.