United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4070

_____

United States of America,            *

                                    *

        Appellee,           *

                                    * Appeal from the United States

     v.                       * District Court for the

                                    * Western District of Missouri.

Gary F. Tagbering, also known as    *

Richard W. Gaines,            * **[UNPUBLISHED]**

                                    *

        Appellant.          *

_____

Submitted:  June 19, 1997
Filed:  June 25, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Gary F. Tagbering pleaded guilty to a drug-trafficking offense and to using firearms in relation to drug-trafficking offenses.  The district court[1] sentenced him to sixty months in prison on the drug offense, a consecutive sixty-month term on the firearms offense, and three years of supervised release.  After the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), the district court granted Tagbering's motion to vacate the firearms conviction, and he was released from prison

_____

[1]The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.

to begin his three-years of supervised release on the drug-trafficking offense.  Three months later, the district court revoked supervised release and sentenced Tagbering to two years in prison for violating supervised release conditions.  Tagbering then moved the district court to credit his revocation sentence with 108 days that he served in prison on the vacated firearms conviction after he had completed serving the drug-trafficking portion of his initial sentence.  The district court denied that motion, and Tagbering appeals.  We affirm.

Tagbering argues that the revocation sentence is directly related to his original conviction and therefore the 108 days should be credited "in the interest of fairness."  However, a prisoner has no constitutional right to credit for prison time served on a prior illegal conviction against a sentence imposed as a result of subsequent unlawful conduct.  See Holscher v. Young, 440 F.2d 1283, 1290 (8th Cir. 1971).  In addition, the applicable federal statute, 18 U.S.C. § 3585(b), does not appear to authorize credit for time spent in "official detention" in these circumstances, and in any event the Attorney General must make initial sentence credit decisions under that statute.  See United States v. Wilson, 503 U.S. 329 (1992).  Thus, the district court did not abuse its discretion in denying Tagbering's motion.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-