### UNITED STATES of America

### v.

### Timothy WHALEY, Defendant.

### No. CR–98–0017 (CPS).

United States District Court, E.D. New York.

May 1, 1998.

Zachary Carter, U.S. Atty., E.D.N.Y. by Jonathan Mothnar, Asst. U.S. Atty., for U.S.

Legal Aid Soc. by Janeanne Murray, for Defendants.

## MEMORANDUM AND ORDER

SIFTON, Chief Judge.

Timothy Whaley seeks to avoid serving a sentence of incarceration arising out of his plea of guilty to a violation of his supervised release. The Bureau of Prisons believes he may be entitled to credit against Whaley's sentence the time he previously spent incarcerated on the underlying conviction, which was later declared partially illegal. Presently before the Court is a motion by the government to correct Whaley's sentence pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure. For the reasons set forth below, the motion is denied, and the defendant is directed to report to the Bureau of Prisons on Monday, May 4, 1998.

## BACKGROUND

The following facts are undisputed. On May 29, 1989, Whaley was arrested and charged with violating 21 U.S.C. § 841, which prohibits the manufacturing, distribution, dispensation, or possession with intent to manufacture, distribute, or dispense a controlled or counterfeit substance. Defendant was also charged with violating 18 U.S.C. § 924(c)(1), which prohibits using or carrying a firearm in connection with a crime involving violence or drugs. After conviction on both charges, Whaley was sentenced on October 29, 1989, to 77 months in prison. In addition Whaley received a five-year sentence for the violation of Section 924(c)(1), which by statute must be imposed consecutive to the sentence for the drug crime, and was sentenced to a three-year term of supervised release.

After the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), clarified the definition of "use" of a firearm under Section 924(c)(1), Whaley's conviction for that crime was vacated. By then he had served all of his sentence imposed pursuant to 21 U.S.C. § 841 and 508 days of his sentence imposed pursuant to 18 U.S.C. § 924(c)(1). His legal sentence thus having long expired, Whaley was released to begin his three-year term of supervised release.

On February 13, 1998, I issued an order directing Whaley's arrest on charges that he violated the terms of his supervised release by using drugs and leaving this District. On March 19, 1998, he pleaded guilty to violating his supervised release by leaving the District without permission. Thereafter, on April 8, 1998, I sentenced him to six months in prison for the violation of his supervised release. The judgment of conviction was signed April 10, 1998, and filed April 13, 1998. On April 15, 1998, Whaley surrendered to serve his sentence.

The government alleges that at this point defendant informed the Bureau of Prisons that he was entitled to 508 days of credit because of his prior, illegal incarceration and that he therefore should be released. The Bureau of Prisons contacted the undersigned, who ordered Whaley released pending the resolution of this issue.

On April 20, 1998, I instructed counsel to inform the Court of their positions on the issue raised by defendant. Thereafter, the government moved to correct the sentence under Fed.R.Crim.P. 35(c).

## DISCUSSION

■ The Eighth Circuit recently observed that "a prisoner has no constitutional right to credit for prison time served on a prior illegal conviction against a sentence imposed as a result of subsequent unlawful conduct." *United States v. Tagbering*, 116 F.3d 1484, 1997 WL 345965 (8th Cir.1997) (Table, text in WESTLAW).[1] In *Tagbering*, the defendant spent 108 days in prison for violating 18 U.S.C. § 924(c) before being released in the wake of *Bailey*. Mr. Tagbering then violated his supervised release and subsequently sought to have the district court credit him for the 108 days he had served prior to his initial release from prison under 18 U.S.C. § 3585(b).[2] The district court refused, and the Eighth Circuit affirmed. While noting that the Attorney General must make the first determination in a given case as to sentence credits under Section 3585(b),

the court nevertheless opined that that section "does not appear to authorize credit for time spent in 'official detention' in these circumstances."

■ Under Section 3585(b)(1), Whaley could receive credit against his six-month sentence for any time he spent in "official detention," prior to April 8, 1998, "as a result of the offense for which the sentence was imposed." In this case, the offense for which the undersigned's six-month sentence was imposed is the violation of Whaley's supervised release, not the underlying drug offense that gave rise to the supervision. Section 3585(b)(1) would give Whaley credit for any time he spent in jail after his arrest for violating his supervised release; the subsection does not entitle Whaley to credit for his detention pursuant to his 1989 sentence because no part of that detention resulted from his later violation of supervised release.

Under Section 3585(b)(2), Whaley could receive credit against his six-month sentence for any time he spent in "official detention," prior to April 8, 1998, "as a result of any other charge for which [he] was arrested after the commission of the offense for which the sentence was imposed."[3] In this case, "the offense for which the sentence was imposed" is violation of supervised release; the Court is unaware of any "other charge" for which Whaley was arrested after he violated his supervised release, and thus subsection (b)(2) is inapposite.

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

1. *Tagbering* is an unpublished opinion. Under Eighth Circuit Rule 28A(k), an unpublished opinion may be cited where it "has persuasive value on a material issue and no published opinion would serve as well." Courts within the Second Circuit honor such rules from other circuits. *See, e.g., Algie v. RCA Global Comm., Inc.*, 891 F.Supp. 839, 865 n. 18 (S.D.N.Y.1994) (declining to consider unpublished Ninth Circuit opinion because of Ninth Circuit local Rule 36–3). Having found no case in point other than *Tagbering*, I cite it as persuasive authority.

2. Section 3585, entitled "Calculation of a term of imprisonment," provides in relevant part:

   (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

3. This subsection applies, for example, where a defendant, on supervised release after serving a term of imprisonment for crime "A," commits two more crimes, "B & C," while on supervised release and is held in a state penal institution for crime "B." After his release from the state institution, he appears before a federal court and is sentenced for violating his supervised release by committing crime "C." He is entitled to credit for the time that he spent in custody for crime "B." *See, e.g., United States v. Waters*, 84 F.3d 86 (2d Cir.1996).

Relying on *United States v. Waters,* 84 F.3d 86 (2d Cir.1996), the government moves pursuant to Rule 35(c) to "correct" an illegal sentence, asserting that it was "clear error" for me not to consider a policy statement in the Sentencing Guidelines that states:

> [w]here the court revokes ... supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment ... by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b).

U.S.S.G. § 7B1.3(e) p.s. In *Waters,* Judge Amon failed to consider this policy statement in sentencing a defendant for violation of supervised release, and the Second Circuit affirmed her decision to treat this oversight as legal error and to resentence the defendant. *Waters,* however, is not in point, as it concerned a defendant who had been incarcerated by state authorities for eight months *during* his period of supervised release as a result of the criminal acts committed at the same time as the act that constituted the violation of his supervised release. These eight months fell clearly within the scope of 18 U.S.C. § 3585(b)(2) and also fell clearly within U.S.S.G. § 7B1.3(e) p.s. Judge Amon thus correctly recognized that she should have considered this policy guideline.

In the present case, Section 3585(b) is inapplicable. Mr. Whaley does not seek to be credited for time spent in custody in connection with his violation of supervised release or for time spent in custody as a result of another crime committed after he violated his supervised release. He seeks to be credited for time he served before his supervised release even began, a situation that Section 3585(b) does not address.[4] Since Section 3585(b) is inapplicable, it was not error for me to not consider U.S.S.G. § 7B1.3(e) p.s. The government's motion is therefore denied.

---

4. The position that Whaley advances is, on its own terms, illogical. While it is unfortunate that he was incarcerated for 508 days on a sentence later deemed illegal, this period of incarceration does not entitle him to the equivalent of a "Get out of Jail Free Card" from the board game "Monopoly." There were many defendants whose convictions for violating 18 U.S.C.

The defendant is directed to report to the Bureau of Prisons on Monday, May 4, 1998, to serve his sentence in accordance with those calculations the Attorney General deems appropriate in light of this opinion.

SO ORDERED.

§ 924(c)(1) were reversed after the Supreme Court's decision in *Bailey.* Certainly the Bureau of Prisons would not give each of those defendants the right to commit a subsequent crime and escape punishment so long as they selected crimes with shorter punishments than the time they unnecessarily served for violating 18 U.S.C. § 924(c)(1).