**UNITED STATES of America,**
**Appellee,**

v.

**Carlos BERNABAL, Defendant,**

**Dennys ALBA, Defendant–Appellant.**

No. 00–1669.

United States Court of Appeals,
Second Circuit.

Oct. 5, 2001.

**38**

Peter B. Sobol; Celeste L. Koeleveld, of counsel, on behalf of Mary Jo White, United States Attorney, Southern District of New York, New York, NY, for appellee.

Alexei Schacht, Nalven & Schacht, Astoria, Queens, NY, for defendant-appellant.

* The Honorable Gregory W. Carman, Chief Judge of the Court of International Trade,

Present STRAUB and KATZMANN, Circuit JJ., and CARMAN, J.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the appeal of the judgment of the District Court be and it hereby is GRANTED, the sentences are VACATED, and the case is REMANDED for further proceedings consistent with this order.

Background

On April 18, 2000, defendant Dennys Alba ("Alba" or "defendant") pleaded guilty to one count of money laundering, 18 U .S.C. § 1956(a)(2)(B)(i). The Probation Department prepared a Presentence Investigation Report and concluded that her total offense level was 18, and her criminal history category was I, resulting in a sentencing range of 27 to 33 months. At the sentencing hearing on July 19, 2000, the defendant claimed that she had participated in the crime in order to obtain funds to pay off loan sharks who threatened her family, including her children. The district court asked defendant several questions about the alleged debts and threats. The district court also asked defendant's counsel if he had known about the threats. The attorney claimed that he had known about them, that he thought defendant had previously provided this information to the Probation Office, and that he should have made a downward departure motion based on the threats. The government and the district court both observed that they were unaware of these alleged circumstances. Based on defendant's statements, the district court downwardly departed to pri-

sitting by designation.

marily a three-month period of incarceration.

On July 24, 2000, the government requested that the court vacate the sentence under Federal Rule of Criminal Procedure 35(c) because defendant's statements that she had been motivated to commit the crime because of loansharking pressures were untrue. Three days later, on July 27th, the district court held a conference at which it apparently endeavored to invoke the inherent authority of the court to correct a judgment obtained through fraud. It vacated the sentence with the agreement of defendant and arranged for an evidentiary hearing to pursue the matter further. On September 18, 2000, the parties presented the court with a joint stipulation regarding defendant's debts and her motivation for committing the crime. The district court then heard testimony from defendant and oral argument from counsel. The district court decided that it did not believe defendant's explanation for her conduct, and approximately three weeks later, on October 4, 2000 the district court resentenced defendant, this time to primarily twenty-seven months incarceration. Defendant appeals the judgment of conviction and sentence.

### Discussion

For the reasons explained below, we hold that the district court made two errors. First, it downwardly departed without giving the government adequate notice of its intent to do so. Second, it attempted to resentence the defendant after it had lost jurisdiction over the case.

■ Failure to provide the government with notice of the court's intent to downwardly depart as to a defendant's sentence is a reversible error where the government can identify grounds it would have offered to contest the proposed downward departure. *See United States v. Jagmohan,* 909

F.2d 61, 63–64 (2d Cir.1990); *see also United States v. Rivera,* 192 F.3d 81, 88 (2d Cir.1999) (notice to defendant). As was the case here, without notice, the government is put at an unfair disadvantage because it may be unprepared to argue against the motion or offer evidence to contradict defendant's statements. As was shown in the proceedings relating to the second sentencing, with notice, the government would have presented evidence to contradict defendant's statements about her motivations for committing the money laundering, and would have argued against the departure.

■ Although it was understandable that the district court would attempt to correct its original sentence once evidence of defendant's alleged dishonesty was brought to the court's attention, the court lacked jurisdiction to do so. *See United States v. Werber,* 51 F.3d 342, 343 (2d Cir.1995) (noting that with the Sentencing Guidelines and related statutes, "[t]hese rules divert more and more sentencing issues to the Court of Appeals for resolution in the first instance, even where the sentencing court itself believes that it has misapplied the law."). Modifications of sentences are governed by the following statute, in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (B) the court may modify an imposed term of imprison-

ment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Under Federal Rule of Criminal Procedure 35(c), *inter alia,* "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." This provision was made effective December 31, 1991.[2] The application of Rule 35(c) is reviewed *de novo. See United States v.. Abreu–Cabrera,* 64 F.3d 67, 71–73 (2d Cir. 1995) (applying a *de novo* standard of review without explicitly declaring it). This Circuit has held that this rule is jurisdictional and that a court may not make sentence corrections outside of the seven-day period under this rule. *See id.* at 73; *see also United States v. Werber,* 51 F.3d 342, 348–49 (2d Cir.1995); *United States v. Vega,* 241 F.3d 910, 911 (7th Cir.2001) (court lacked authority under Rule 35(c) to correct sentence more than seven days after sentencing). This Circuit has stated that Rule 35(c) "was not meant to allow the district court 'to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion.'" *See United States v. DeMartino,*

112 F.3d 75, 79 (2d Cir.1997) (citation omitted). Only in limited circumstances has this Circuit held that a district court properly revised a defendant's sentence under Rule 35(c). *See, e.g., United States v. Waters,* 84 F.3d 86 (2d Cir.1996) (per curiam) (district court properly resentenced defendant when court had failed to take into account Sentencing Guidelines policy statement when it initially sentenced defendant).

The Advisory Committee notes to the 1991 revisions to Rule 35 strongly suggest that the Committee intended to limit the such powers to revisit sentences:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Federal Rule of Criminal Procedure, Notes of Advisory Committee on Rules— 1991 Amendment. The Committee Notes then discuss the rejection of a proposed 120–day rule "based on new factual information not known to the defendant at the time of sentencing." *Id.* The Committee said:

> Unlike the proposed subdivision (c) which addresses obvious technical mis-

---

**2.** We note that the government relies primarily on pre–1991 cases.

takes, the ability of the defendant (and perhaps the government) to come forward with new evidence would be a significant step toward returning Rule 35 to its former state. The Committee believed that such a change would inject into Rule 35 a degree of postsentencing discretion which would raise doubts about the finality of determinate sentencing that Congress attempted to resolve by eliminating former Rule 35(a). It would also tend to confuse the jurisdiction of the courts of appeals in those cases in which a timely appeal is taken with respect to the sentence.

*Id.* Thus, Congress has made clear that Rule 35 does not contemplate reassessment of the evidence or reassessment of the applicable guidelines, nor does it allow the court to "change its mind about the appropriateness of the sentence." *Id.; see United States v. Gordon K.,* 257 F.3d 1158 (10th Cir.2001) (district court's addition of restitution to sentence within seven days of sentencing was impermissible because omission was not clear error); *United States v. Sadler,* 234 F.3d 368, 373–74 (8th Cir.2000) (court did not have authority to resentence defendant on higher alternate calculation when it had failed to conduct alternate sentencing calculations before sentencing); *United States v. Lopez,* 26 F.3d 512, 515 (5th Cir.1994) (vacating second sentence and remanding for imposition of initial sentence because of lack of authority to impose new sentence); *United States v. Fahm,* 13 F.3d 447, 453–54 (1st Cir.1994); *Abreu–Cabrera,* 64 F.3d at 71; *United States v. Daddino,* 5 F.3d 262, 264–66 (7th Cir.1993) (after sentencing district court was not authorized to add a fine to defendant's original sentence); *see also Werber,* 51 F.3d at 348–49 (focusing on a rule that extended the time for revising a sentence beyond the seven days, the court stated: "Both appellees also cite a line of cases recognizing a district court's inher-

ent authority to correct an erroneous sentence as long as the time for appeal has not yet run. What appellees overlook, however, is that all of the defendants in these cases were sentenced before the 1991 addition of Rule 35(c) to the Federal Rules of Criminal Procedure.").

The government nonetheless argues that the district court retains the inherent power to correct sentences. The general consensus among the courts that have specifically addressed this issue have rejected the idea that this authority is broader than that outlined in the applicable rule and statutes. *See, e.g., United States v. Barragan–Mendoza,* 174 F.3d 1024, 1028–29 (9th Cir.1999); *United States v. Handa,* 122 F.3d 690, 691 (9th Cir.1997) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citation and internal quotation marks omitted), *cert. denied,* 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998); *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir.) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."), *cert. denied,* 522 U.S. 961, 118 S.Ct. 393, 139 L.Ed.2d 307 (1997); *United States v. Burd,* 86 F.3d 285, 289 (2d Cir.1996) ("The enactment of 18 U.S.C. §§ 3582 and 3742 and the ratification of Rules 35 and 36 of the Federal Rules of Criminal Procedure reflect Congress' desire to insulate criminal sentences from change by the district court, but for a few exceptions.").

In this case, the court downwardly departed without waiting for information from the government. The government characterizes this defendant's conduct as a sentencing based on fraud; it seems more

accurately characterized as a resentencing based on additional information.[3] In this case, because the district court did not give the government an opportunity to present evidence against defendant's statements about loansharking, the court was without sufficient information to make an accurate assessment of her credibility. The additional information provided in the second sentencing proceedings was new information to the court, precisely the kind of material which the Advisory Committee did not intend to serve as a basis for resentencing. As noted above, courts have rejected sentence modifications on this grounds, especially when made outside of the seven-day period. *See Lopez*, 26 F.3d at 519 ("[to allow] the sentencing judge to modify a sentence based upon new information would defeat Congress' intent to provide finality in sentencing and would create an unacceptably large realm of postsentencing discretion.") (quotations omitted). Moreover, the resentencing was done outside the seven-day period provided for under Rule 35(c).

Accordingly, the district court did not have authority to resentence defendant. While under certain circumstances we might remand for the initial sentence to be reimposed, in this case, that sentence was also faulty because it was imposed without adequate notice to the government. We therefore vacate both sentences and remand for a new sentencing.

---

**3.** In any event, it is not readily apparent from the lower court's discussion that Alba or her attorney engaged in fraud. Further, the dis-trict court made no findings of fact pertaining to fraud.