15-4161-cr
*United States v. Ziming Shen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
>     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                          15-4161

ZIMING SHEN,

> *Defendant-Appellant*,

JOANNA FAN, AKA XIAO PING FAN,

> *Defendant*.

---

| | |
|---|---|
| For Defendant-Appellant: | STEVE ZISSOU, Steve Zissou & Associates, Bayside, New York |
| For Appellee: | ERIK PAULSEN (Peter A. Norling, *on the brief*), for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ziming Shen appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*) imposing a sentence of time served plus fourteen days' imprisonment, a three-year term of supervised release and six hundred hours of community service after Shen pled guilty to violation of the terms of his probation. Shen argues that the district court committed procedural and substantive error in imposing this sentence. We assume the parties' familiarity with the facts, procedural history of the case, and the issues on appeal.

Shen argues that the district court committed procedural error when, pursuant to Federal Rule of Criminal Procedure 35(a), it modified the fourteen day term of imprisonment it had initially imposed to a sentence of time served plus fourteen days. Four days after Shen's initial sentencing hearing on the probation violation, the Probation Department reported to the district court that it had been informed by the Bureau of Prisons that Shen had 401 days of outstanding credit for the time he had been detained on the underlying offense which, by statute, would count towards the fourteen days imposed by the district court. *See* 18 U.S.C. § 3585(b). Not having considered the effect of this prior detention on Shen's sentence, and relying both on its power under Rule 35(a) to correct a clearly erroneous sentence within fourteen days of sentencing and our decision in *United States v. Waters*, 84 F.3d 86 (2d Cir. 1996) (per curiam), which interpreted the text of the rule to permit this procedure in an identical situation, the district court vacated its original sentence, and, at resentencing, sentenced Shen to time served plus fourteen days.

As the district court observed, it was required by statute to consider the effect of the policy statements issued by the United States Sentencing Commission on the appropriate sentence when determining whether to impose a term of imprisonment for Shen's violation of the terms of his probation. *See* 18 U.S.C. §§ 3565(a); 3553(a)(4)(B). The relevant policy statement provides that, when revoking probation and imposing a term of imprisonment, a district court should increase the term by the amount that will be credited toward that sentence pursuant to statute. U.S. Sentencing Guidelines § 7B1.3(e). In *Waters* we held that a district court's failure to consider this very policy statement was the sort of clear error for which Rule 35(a)'s resentencing procedure is appropriate. 84 F.3d at 90. Given its recognition that it had made a similar mistake in this case, we find no procedural error in the district court's decision to invoke Rule 35(a) here.[1]

Shen makes a number of other arguments against the sentence imposed by the district court. To the extent that these arguments attempt to reassert claims that we have previously found foreclosed by the terms of Shen's waiver of appellate rights, they are barred on this appeal by the law of the case doctrine. *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002). And to the extent that Shen seeks to show that the district court's sentence was substantively unreasonable, none of his arguments lead us to conclude that this is the "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted).

---

[1] Though stylistic changes have been made to the relevant subsections of Rule 35 since *Waters*, these changes do not affect the essential holding of that case. *See* Fed. R. Crim. P. 35 advisory committee's note to 2002 amendment.

We have considered Shen's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk