UNITED STATES of America, Appellee,

v.

Peter Timothy WHALEY,
Defendant–Appellant.

No. 98–1238.

United States Court of Appeals,
Second Circuit.

Argued June 8, 1998.

Decided July 10, 1998.

Edward S. Zas (Henriette D. Hoffman, on the brief), The Legal Aid Society Federal Defender Division Appeals Bureau, New York City, for Appellant.

Jonathan Mothner (Zachary W. Carter, Emily Berger, on the brief), United States Attorneys Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Before: OAKES and WALKER, Circuit Judges, and CARMAN, Chief Judge.*

* The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

PER CURIAM:

## BACKGROUND

Peter Timothy Whaley appeals from an order of the United States District Court for the Eastern District of New York (Charles P. Sifton, Chief Judge ), entered on May 1, 1998 ("the May 1 order"), directing him to report to the Bureau of Prisons ("BOP") to serve a six-month term of imprisonment for violating the conditions of his supervised release.

In 1989, Whaley was convicted, following a plea of guilty, of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and of using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Whaley was sentenced to 77 months' imprisonment for the narcotics offense, a consecutive five-year sentence for the firearms conviction, and a three-year term of supervised release. On May 9, 1997, after serving his entire sentence for the narcotics conviction and 508 days for the firearm conviction, Whaley's conviction for the firearm count was vacated under *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Having fully served his sentence for the narcotics conviction, Whaley was released from prison and began serving his three-year term of supervised release on the narcotics offense.

On March 19, 1998, in the district court, Whaley admitted to violating his supervised release by leaving the district without permission of the probation office. On April 8, 1998, the district court sentenced Whaley to six months' imprisonment, and on April 15, 1998, Whaley surrendered to the BOP to serve his sentence.

On April 17, 1998, the BOP determined, pursuant to the U.S. Department of Justice Program Statement 5880.28, Sentence Computation Manual, (February 14, 1997), that six months of the 508 days that Whaley had served in custody for his vacated firearms conviction should be credited against his six-month sentence for violating the terms of his supervised release. The BOP contacted the district court about its intended action and at the district court's direction released Whaley.

The government then moved to modify the district court's sentence, pursuant to Fed. R.Crim.P. 35(c), to take into account the 508 days that Whaley spent in custody on his vacated firearms conviction, as required under United States Sentencing Guidelines § 7B1.3(e) which states that:

[w]here the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment ... by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b).

On May 1, 1998, by memorandum and order, the district court denied the government's Rule 35 motion and rejected the contention that Whaley was entitled to sentencing credit for the 508 days already served. The district court held that § 3585(b)(1), which provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences— (1) as a result of the offense for which the sentence was imposed," did not apply because "the offense for which [Whaley's] six-month sentence was imposed [was] the violation of [his] supervised release, not the underlying drug offense that gave rise to the supervision." *United States v. Whaley*, 5 F.Supp.2d 110, 112–13 (E.D.N.Y.1998). The district court directed Whaley to report to the BOP to serve his sentence. Whaley appeals from this May 1 order. Although the district court denied bail pending appeal, Whaley obtained a temporary stay from the district court as well as two stays from this court and therefore Whaley was not in custody during the pendency of his appeal.

## DISCUSSION

As the government concedes, the district court erred in issuing the May 1 order. The Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. *See United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d

593 (1992); *United States v. Pineyro,* 112 F.3d 43, 45 (2d Cir.1997). Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review. *See Wilson,* 503 U.S. at 335, 112 S.Ct. 1351. Because the district court lacked jurisdiction, we vacate the May 1 order.

The government argues, pursuant to *United States v. Burd,* 86 F.3d 285, 288–89 (2d Cir.1996), that because the district court was required to consider U.S.S.G. § 7B1.3(e), Whaley's original sentence was illegal and we should vacate and remand for resentencing *de novo.* We agree that the district court erred as a matter of law in failing to apply U.S.S.G. § 7B1.3(e) and in interpreting § 3585(b)(1) as applying to the offense of violating supervised release rather than as applying to the underlying offense. *See United States v. Meeks,* 25 F.3d 1117, 1121–22 (2d Cir.1994) (punishment for violating the terms of supervised release is punishment for the original offense); *United States v. Parriett,* 974 F.2d 523, 525–27 (4th Cir.1992) (same). Nevertheless, we are precluded from remanding for resentencing because we lack jurisdiction over Whaley's sentence. This court may only review a judgment that is "lawfully brought before it for review." 28 U.S.C. § 2106. The government never appealed the April 8, 1998 sentence, although it had ample time to do so following the April 17 revelation that the BOP was releasing Whaley based on credit from his earlier incarceration. Nor did it cross-appeal from the district court's May 1 order. Therefore, Whaley's sentence is not properly before this court.

In sum, this case presents a sequence of errors that leaves us with no alternative but to let Whaley's sentence, together with the BOP's credit for six months of time previously served, stand. It is evident that a mechanism must be put into place to alert the district judge at any sentencing for a violation of supervised release to the existence of applicable prison credits and the need to comply with U.S.S.G. § 7B1.3(e). We remain perplexed as to why the government never appealed the erroneous sentence imposed by the district court.

## CONCLUSION

For the foregoing reasons, the judgment of the district court's May 1 order is vacated.