**UNITED STATES of America,**
**Appellee,**

v.

**Rogelio SENIOR, Defendant–Appellant.**

No. 03–1486.

United States Court of Appeals,
Second Circuit.

March 12, 2004.

Patrick J. Joyce, West Orange, NJ, for Appellant.

Susan Corkery, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Shannon C. Jones, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Rogelio Senior appeals from a June 25, 2003 order of the United States District Court for the Eastern District of New York (Frederic Block, *District Judge* ) denying his *pro se* motion, pursuant to 18 U.S.C. § 3585(b) to vacate his sentence and to re-sentence him in a manner that would give him credit for time spent in federal custody on a probation violation sentence. The district court denied Senior's motion on the ground that it lacked jurisdiction to review the Bureau of Prisons' (the "BOP") calculation of time served. We agree that the court lacked jurisdiction and dismiss the appeal.

Senior first contends that the BOP miscalculated his credit for time served and

that the district court had jurisdiction to review that miscalculation under 18 U.S.C. § 3585(b). But "the district court is without discretion to compute sentencing credit" unless the defendant has exhausted his administrative remedies, *United States v. Whaley,* 148 F.3d 205, 207 (2d Cir.1998) (per curiam), a prerequisite that has not been satisfied in this case.

Assuming *arguendo* that Senior properly presented his claim at the institutional and regional levels, he failed to pursue his final appeal to the BOP's General Counsel as required by 28 C.F.R. § 542.15(a). Senior does not argue that we should excuse his failure to exhaust administrative remedies because further review would be futile. Nor could he; after the BOP twice denied his claim, he pursued no further remedies with the BOP and, instead, waited over one year to file a motion to vacate and remand for re-sentencing with the district court. Moreover, nothing in the record indicates that during that one-year period Senior attempted to engage in the informal resolution process, as required by statute and advised by the BOP. *See* 28 C.F.R. 542.13(a).

Senior also argues that this court has jurisdiction to review his sentence under 18 U.S.C. § 3742(a) because the district court mistakenly believed that it lacked discretion to give him credit for time served. But Senior's failure to file a timely notice of appeal from his sentence deprives us of jurisdiction to consider that argument. *See United States v. Ferraro,* 992 F.2d 10, 11 (2d Cir.1993) (failure to file timely notice of appeal is a jurisdictional bar).

We have considered all of Senior's arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the appeal is hereby DISMISSED for lack of jurisdiction without prejudice to any remaining administrative remedies, judicial review of the Bureau of Prisons' ultimate decision, or collateral relief.