United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 10, 2007**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

m 07-30111
Summary Calendar

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

VINCENT BRUNO,

Plaintiff-Appellant,

VERSUS

MICHAEL STARR; RMS HOLDINGS, L.L.C.; W. CHRISTOPHER BEARY;
JAMES STARR; AND RUTH STARR,

Defendants-Appellees.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:05-CV-1887

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Before SMITH, WIENER, and OWEN,
    Circuit Judges.

PER CURIAM:[*]

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[*] Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
and is not precedent except under the limited
                                    (continued...)

Vincent Bruno appeals the imposition of
sanctions. Finding no abuse of discretion, we
affirm.

This appeal stems from a RICO complaint

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[*](...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

Bruno filed against defendants and their lawyer, W. Christopher Beary. The court granted defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and we affirmed because "Bruno's claims as plead are clearly foreclosed by this court's precedent." *Bruno v. Starr,* 182 F. App'x 297, 298 (5th Cir. 2006).

Defendants moved for sanctions against Bruno and his attorney under Federal Rule of Civil Procedure 11, claiming there was no legal basis for the RICO claims and that the suit was filed for an improper purpose. The district court found that Bruno and his attorney had violated rule 11, and it imposed sanctions of $11,500 on each of them.[1] The court concluded that the lawyer had not made a reasonable inquiry into the relevant law and that Bruno had sued for an improper purpose. The court noted that Bruno had filed five suits for claims arising out of the same transaction, that he had been denied relief in all of them, and that the serial filing constituted harassment.

"This Court reviews the imposition of sanctions for an abuse of discretion." *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 208 (5th Cir. 1998) (quoting *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997)). "A court abuses its discretion to impose sanctions when a ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id*. Rule 11 authorizes the imposition of sanctions against a party as well as his attorney. *See Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir.), *cert. denied* 127 S. Ct. 524 (2006). Parties generally may not, however, be sanctioned for violating rule 11(b)(2), which makes the filing of legally frivolous pleadings sanctionable. *Id*. at 567-68.

Bruno argues on appeal that he should not have been sanctioned for his attorney's actions and asserts that he was relying on his lawyer's advice that his claims were legally sound. This contention overlooks the court's rationale for its imposition of sanctions. If Bruno had been sanctioned for advancing legally frivolous arguments, his reasoning would have merit. Only Bruno's attorney, however, was sanctioned for the frivolous claims; Bruno was sanctioned for filing this lawsuit for the improper purpose of harassment. *See* FED. R. CIV. P. 11(b)(1). He continued to file lawsuits on which he was denied reliefSSfive in totalSS arising from the same claim. He overlooks the plain language of rule 11, which states that sanctions can be levied against parties for, *inter alia*, filing suits for the improper purpose of harassment. Accordingly, the district court's ruling is not based on an erroneous vew of the law.

Bruno also argues that the court incorrectly found that he was denied relief in his five prior suits and that it incorrectly found that he had been ordered to pay damages and attorney's fees for improperly causing a temporary restraining order to be issued.[2] We will disturb the factual findings of the district court only if they are clearly erroneous. Bruno does not provide any citations to the record in his allegations that the court's factual findings are incorrect; he only summarily states that the

---

[1] In their Rule 11 motion, defendants requested their total attorneys' fees, $35, 208.86, which the court found was excessive.

[2] The record includes an order from a state court directing that Bruno and his co-plaintiff "are responsible for damages, including attorney's fees, for the wrongful issuance of the Temporary Restraining Order."

findings are wrong. This is insufficient to establish clear error.[3]

AFFIRMED.[4]

---

[3] "Clear error exists if (1) the findings are without substantial evidence to support them, (2) the court misapprehended the effect of the evidence, and (3) although there is evidence which if credible would be substantial, the force and effect of the testimony, considered as a whole, convinces the court that the findings are so against the preponderance of credible testimony that they do not reflect or represent the truth and right of the case." *Water Craft Mgmt., LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006) (citing *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 283 (5th Cir. 1987)). *See also United States v. Infante*, 404 F.3d 376, 393-94 (5th Cir. 2005) ("As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous.").

[4] Defendants' motion to strike Bruno's brief and its exhibits is DENIED.