**UNITED STATES OF America**

v.

**George PARRILLA, Defendant.**

**No. 04 Cr. 0793(VM).**

United States District Court,
S.D. New York.

Aug. 26, 2008.

Martin R. Stolar, Law Office of Martin R. Stolar, New York, NY, for Defendant.

Chris Garcia, U.S. Attorney's Office, New York, NY, for Plaintiff.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

On February 21, 2006, Defendant George Parrilla ("Parrilla") pled guilty to Counts Four and Five in the superseding indictment number S1 04 CR 793 (the "Indictment"). Count Four charged that Parrilla conspired to commit a robbery, in violation of 18 U.S.C. § 1951, and Count Five charged that Parrilla used and carried a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(C)(1)(A).

On June 2, 2006, the Court sentenced Parrilla to a term of 97 months' imprisonment. During the sentencing proceeding, defense counsel requested the Court recommend that the Bureau of Prisons (the "BOP") credit Parrilla for the seven

months he spent in state custody because the state charges were based upon the same conduct at issue in the Indictment.[1] The Government advised the Court that the BOP would determine whether Parrilla should receive credit for the seven months spent in state custody pursuant to 18 U.S.C. § 3585(b) (" § 3585(b)"). Parrilla, by letter dated November 9, 2006, stated that the BOP had not given him credit for the seven months spent in state custody and requested that the Court issue an Amended Judgment and reduce his sentence of imprisonment by seven months. The Court shall treat Parrilla's letter as a motion for such relief pursuant to the Federal Rules of Criminal Procedure 35 and/or 36 ("Rules 35 and/or 36"). For the reasons stated below, Parrilla's motion is DENIED.

Parrilla is entitled to prior custody credit as a general matter. Section 3585(b)(1) mandates that a defendant "shall" receive credit for time spent in prison prior to the commencement of sentence "as a result of the offense for which the sentence was imposed," unless the time served has been "credited against another sentence." § 3585(b)(1). Parrilla, therefore, is entitled to receive prior custody credit in accordance with § 3585(b).

The BOP, however, has awarded Parrilla adequate credit for his time spent in state custody. Delbert G. Sauers, BOP Chief of the Designation and Sentence Computation Center, stated by letter dated August 20, 2008 (the "Sauers Letter") that according to Parrilla's Sentence Monitoring Computation Data Report dated August 19, 2008, Parrilla's federal sentence in the instant matter commenced on June 2, 2006, the date the Court imposed Parrilla's sentence. The Sauers Letter further stated that the BOP awarded Parrilla prior

1. The state charges were later dismissed.

custody credit for the approximate seven-month period from April 2, 2004 until October 29, 2004 when he was in state custody. The BOP also awarded prior custody credit from October 30, 2004 until June 1, 2006 when Parrilla was in federal custody. Any further reduction from the 97 month sentence of imprisonment to account for asserted prior state custody would result in Parrilla receiving double credit.[2]

Furthermore, Parrilla has not sufficiently established any other evidence demonstrating that he is entitled to relief pursuant to Rules 35 and/or 36.

### ORDER

For the reasons stated above, the motion of defendant George Parrilla for an amended judgment on the ground that he has not received proper award of prior custody credit is DENIED.

**SO ORDERED.**

---

2. The Sauers Letter stated that the BOP did not award Parrilla prior custody credit when he was in state custody from March 28, 2004 until April 1, 2004 because the BOP verified that the time period was spent in service of a five-day term of imprisonment for disorderly conduct that was issued on March 31, 2004 by the Brooklyn Criminal Court docket number 2003CK002977. If Parrilla wishes to contest the BOP's decision to not credit this period, he must first seek administrative review. *See United States v. Whaley*, 148 F.3d 205, 207 (2d Cir.1998) ("The district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations.").