09-1300-cr
United States v. Vondette

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

---

United States of America*.,*
> *Appellee,*

-v.-                                                             No. 09-1300-cr

Michael J. Vondette, also known as Steve, also known as Glenn Titus, also known as M.J. Vondette, also known as Michael J. Von Dette, also known as Mike, also known as Big Guy, also known as Big,
> *Defendant-Appellant*.

---

FOR APPELLANT:        Michael J. Vondette, *pro se*, Lompoc, California.


FOR APPELLEE:         Loretta E. Lynch, United States Attorney, Eastern District of New York, Peter A. Norling, Burton T. Ryan, Jr., Assistant United States Attorneys, Of Counsel, Brooklyn, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Defendant-Appellant Michael J. Vondette, *pro se*, appeals from the January 14, 2009 order of the United States District Court for the Eastern District of New York (Platt, *J.*), in which the district court declined to reconsider its prior order denying Vondette relief from his conviction. We assume the parties' familiarity with the underlying facts, the procedural history of the case and the issues presented for review.

We review the denial of motion for reconsideration for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). Vondette challenges the denial of his motion for reconsideration on a single ground: that the district court lacked jurisdiction to adjudicate certain motions because he filed a "Motion for Reassignment of Case to A Different Judge" in this Court, pursuant to 28 U.S.C. § 2106, while those motions were pending in the district court. Vondette argues that the filing of the "2106 motion" temporarily divested the district court of jurisdiction over the proceeding. His contention is without merit.

While Section 2106 provides this Court with the prerogative to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review," and to "remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances," 21 U.S.C. § 2106, it provides no independent basis for an exercise of this Court's jurisdiction. Rather, as the plain language of the statute indicates, it authorizes this Court to take action only once an order is "lawfully brought before it for review." *Id.* Thus, for example, this Court has held that it was precluded from issuing a remand for resentencing under Section 2106 in a case

where an erroneous sentence was never appealed.  *See United States v. Whaley*, 148 F.3d 205, 207 (2d Cir. 1998) (per curiam).  Since defendant-appellant's "motion for reassignment" was not properly before this Court in its appellate capacity, it could not have divested the district court of jurisdiction over the matter.

We have considered all of Vondette's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk