**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand and eleven.

PRESENT:

WILFRED FEINBERG,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM ANTHONY EVANS,

   *Petitioner-Appellant,*

  -v.-            No. 10-2124-pr

UNITED STATES OF AMERICA,

   *Respondent-Appellee.*

**FOR PETITIONER-APPELLANT:**  William Anthony Evans, *pro se* (incarcerated), Napanoch, NY.

**FOR RESPONDENT-APPELLEE:**  Raymond A. Tierney, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, and Susan Corkery, Assistant United States Attorney, *on the brief*),

1

United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

Appeal from a May 17, 2010 order of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Petitioner-appellant William Anthony Evans ("Evans"), now incarcerated and pursuing this appeal *pro se*, appeals from a May 17, 2010 order of the District Court denying as unripe his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 7, 1988, Evans pleaded guilty to robbery of an employee of the United States Postal Service, in violation of 18 U.S.C. § 2114. On November 25, 1991, Evans was sentenced principally to a term of 40 months' imprisonment, to be followed by a term of 5 years of supervised release. At the time of his federal robbery conviction, Evans was serving a term of imprisonment of 25 years to life for multiple state robbery convictions. He remains incarcerated pursuant to that state sentence, with an "earliest release date" of March 6, 2015. Upon his release from state custody, Evans will begin serving his federal sentence. We assume the parties' familiarity with the remaining factual and procedural history of the case.

In his petition for habeas corpus, Evans seeks credit toward his future federal sentence for time served in state custody and for time during which he was erroneously released from state custody.[1] The District Court denied Evans' petition as unripe because the Bureau of Prisons ("BOP") has not yet made a credit computation regarding his federal sentence. We hold that the District Court properly denied the petition. As we explained in *United States v. Whaley*, 148 F.3d 205 (2d Cir. 1998), "[t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner . . . has not sought administrative review." *Id.* at 206-07 (internal citation omitted). Thus, the District Court may not render Evans' credit determination in the first instance; rather, it may only review a decision by the BOP.

---

[1] The District Court incorrectly stated in its Memorandum and Order of May 17, 2010 that Evans seeks credit for time served only with respect to the period between his erroneous release from state custody on September 29, 1989 and the date of his federal sentencing on November 25, 1991. As the government concedes on appeal, Evans in fact seeks credit for time served from September 29, 1989 until the present. Under the circumstances, the error was harmless and has no bearing on the question of whether Evans' petition was ripe for review.

### CONCLUSION

We have considered Evans' claims on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court