21-1976-cr
*United States v. Zobkiw (Hoey)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                              21-1976-cr

Nicole Zobkiw, AKA Sealed Defendant 1,
Barry Balaban, AKA Sealed Defendant 2,
Alejandro Noreiga,

> *Defendants*,

Thomas Hoey, Jr.,

> *Defendant-Appellant*.

---

FOR DEFENDANT-APPELLANT:                    Thomas Hoey, Jr., *pro se*, Lewisburg, PA.

FOR APPELLEE: Michael D. Maimin, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Thomas Hoey, Jr., proceeding *pro se*, appeals from the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). More specifically, after "[t]aking into account all arguments presented by Hoey in favor of a sentence reduction and considering them both in isolation and in combination, and considering all of the section 3553(a) factors," the district court concluded that "Hoey has not demonstrated extraordinary and compelling reasons for a reduction in his sentence." *United States v. Hoey*, No. 11-CR-337 (PKC), 2021 WL 3115810, at *4 (S.D.N.Y. July 22, 2021). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Hoey was convicted, upon a guilty plea, of: (1) participating in a conspiracy to distribute, and possess with intent to distribute, cocaine, in violation of 18 U.S.C. § 371 and 21 U.S.C. § 841; (2) participating in a conspiracy to suborn perjury, in violation of 18 U.S.C. §§ 371 and 1622; and (3) obstructing justice, in violation of 18 U.S.C. §§ 1503 and 2. These convictions relate to Hoey's distribution of cocaine to Kimberly Calo in a hotel room on January 10, 2009. Ms. Calo became unconscious after using the cocaine and Hoey interfered with Nicole Zobkiw's attempts to call an ambulance. Ms. Calo died as a result of the acute intoxication caused by the combined

2

effect of alcohol and cocaine. Hoey subsequently attempted to conceal his actions by pressuring Ms. Zobkiw to testify falsely before the grand jury and to sign a false statement about the relevant events.

On April 23, 2015, the district court sentenced Hoey principally to 151 months' imprisonment. After we vacated Hoey's initial sentence and remanded the case for resentencing due to a subsequent reduction in his criminal history, the district court conducted a *de novo* resentencing, and, on October 24, 2018, sentenced him principally to 141 months' imprisonment. This Court affirmed the sentence. *See United States v. Hoey*, 807 F. App'x 16, 17–18 (2d Cir. 2020) (summary order), *cert. denied*, 141 S. Ct. 1711 (2021). On February 8, 2021, Hoey filed the instant motion for release based on his health and the COVID-19 pandemic, which the district court denied. On appeal, Hoey argues that the district court erred in: (1) concluding that he did not suffer from hypertension; (2) turning his compassionate release motion into a resentencing; and (3) ignoring evidence of his post-sentencing rehabilitation.

We review the denial of a discretionary sentence reduction for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam)).

Section 3582(c)(1)(A)(i), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We have emphasized that district courts have

broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

Here, the district court did not abuse its discretion in denying Hoey's motion. After assessing his medical condition and related COVID-19 risks, the district court reasonably evaluated the Section 3553(a) factors, and found that such factors "counsel[ed] strongly against a sentence reduction." *Hoey*, 2021 WL 3115810, at \*3. As part of its analysis, the district court recounted the background of Hoey's offense—a "trail of sorrow and misery" which had led to a woman's death, and to Hoey's suborning of perjury and obstruction of justice in an effort to avoid the consequences of his role in that death—and concluded that a sentence reduction was unwarranted in light of the need to protect the public from Hoey's further crimes, to promote respect for the law, and to provide a just punishment.[1] *Id.* at \*3–4; *see* 18 U.S.C. § 3553(a)(1)–(2) (sentencing factors including, among other things, the nature and circumstances of the offense, the defendant's history and personal characteristics, as well as the need for a just punishment, deterrence, and protection of the public). We discern no legal or factual error in the district court's analysis, and its decision to deny the motion on these grounds based upon the applicable Section 3553(a) factors was well "within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (internal quotation marks omitted).

---

[1] The district court noted, as it had found at sentencing, "Hoey did not set out to cause the death of Ms. Calo" but "his callousness and indifference to the fate of a person to whom he had given cocaine and who had an apparent reaction to the cocaine sealed her fate." *Id*. at \*3 (internal quotation marks omitted).

In reaching this conclusion, we have considered Hoey's arguments to the contrary and find them to be without merit. First, Hoey contends that the district court erred by finding that he did not suffer from hypertension. We need not reach that argument because the district court adequately based its decision on the Section 3553(a) factors.

Second, we are unpersuaded by Hoey's argument that the district court improperly turned his compassionate release motion into a resentencing. The district court did not conduct a resentencing, but rather referenced its balancing of the Section 3553(a) factors at the original sentencing in explaining why those factors still militated against granting Hoey's motion based upon extraordinary and compelling circumstances. The district court committed no error in considering the Section 3553(a) factors in this manner.[2] *See, e.g.*, *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order) ("[C]ourts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.").

Finally, we reject Hoey's related argument that "the district court ignored evidence of [his] post-sentencing rehabilitation, and put too much weight on the criminal conduct discussed in the original and re-sentencings." Appellant's Br. at 5. Contrary to Hoey's suggestion, the district court explicitly noted that it had "considered the time Hoey has served in prison to date, his age, medical conditions, conditions at his BOP facility, the ongoing COVID-19 pandemic, *his rehabilitation to date* and all other factors cited to the Court." *Hoey*, 2021 WL 3115810, at *4 (emphasis added). The district court nevertheless concluded that "[r]educing Hoey's sentence

---

[2] To the extent Hoey's challenge in this regard arises from the separate decision by the Bureau of Prisons to recalculate the amount of time he had served on his sentence, any objection to that recalculation must be exhausted administratively before seeking judicial review. *See United States v. Whaley*, 148 F.3d 205, 2007 (2d Cir. 1998); *see also United States v. Wilson*, 503 U.S. 329, 335 (1992).

would severely undermine the goals of his original sentence, and based on the extraordinary and compelling reasons advanced by Hoey, is unwarranted on this record." *Id.* Hoey's disagreement with the district court's balancing of the Section 3553(a) factors in connection with his compassionate release motion does not demonstrate an abuse of its discretion. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (holding that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks omitted)); *see also United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter.").

In sum, we find no basis to disturb the district court's reasoned exercise of its discretion in concluding that the Section 3553(a) factors did not favor compassionate release.

\* \* \*

We have considered all of Hoey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court